May it please the Court, Diane Burley for Appellant Daniel Saitta. This case is not a Crawford or a Blakely case, but there is important language in those two cases, and it is not for the District Court to speculate as to the reliability of witnesses who were not called. And that's exactly what happened in this case. There are two witnesses, a husband and a wife, who were alibi witnesses who said that Mr. Saitta was with them at the time these two burglaries were occurring. And the District Court dismissed that as something the jury might not, probably would not believe, that he could have conceivably driven from their home in Vista up to Lake Arrowhead and committed the burglaries and gone back, and that, therefore, it was harmless error. I don't believe, even before Crawford and Blakely, and certainly now, that they can – that the Court can make that kind of speculation. And other than that, I don't think there's really anything to add to the briefs, unless the Court has some questions. No, thank you. Okay. I'll reserve a minute if I need it. Thank you. Well, Your Honors, may it please the Court, Gary Shawn, Senior Assistant Attorney General, on behalf of Appellee in this case, to just respond to the argument made here this morning. Calling these witnesses alibi witnesses is a bit overstating the case here. All these witnesses and their declarations – Well, there are two issues. One, whether their statements were enough, because they didn't say we – specifically, we saw him every moment of the period he was here. Correct. Let's put that aside for the moment. Let's assume they are really alibi witnesses. And then, what is your response to – as I understand your case, basically, it's that the evidence is so strong that a jury would have to disbelieve the alibi witnesses if they were truly alibi witnesses. No, that's not our case at all, Your Honor. So if they were truly alibi witnesses, if they really said at the moment that he's with him in Vista, then he would be entitled to a hearing. Well, no, that's – the problem is, is that I can't accept the Court's assumption that they were alibi witnesses. I said if. I know, but here's – You don't want to answer that question. Well, no, no. Well, if they said that he was with us at the moment those burglaries occurred – That was what I said. Okay, but the problem is – the problem is, Your Honor, is as to one of the burglaries, the second one, there's no time established for that burglary. It was discovered after the fact, so no one knows precisely when the second burglary occurred. We know when the first one occurred because there was an eyewitness, the neighbor, to the burglary. If instead of Vista, they said he was with us in Paris, France, and we saw him every day during this period, he could not have gone to Big Bear or Arrowhead and commit a crime. Then what? Then we'd have an entirely different case. That I know. Now, the question then is, if that were the affidavit, would he then be entitled to a hearing? Would he be entitled to a hearing would raise a question whether under 2254e he had made such a record in trial court, which he never did. In fact, one of the – one of the glaring aspects of that – Okay, so now we're off on another issue, which is whether under California law you are required to specifically ask for a hearing, is that right? Well, you are. Under Robbins, you're required as part of your habeas petition to state court to provide all of – So then that's your answer. But had he complied with the procedures, he would have been entitled to a hearing. Had he provided the state courts on habeas corpus with sufficient available evidence, which would have included a detailed affidavit from the so-called alibi witnesses, who aren't alibi witnesses, had he provided counsel's file, which he had a right to, to show that those witnesses, in fact, had contacted counsel, that there were their letters in his file, then perhaps he would have created enough of a record in state court. None of that happened. Okay. But the problem – I mean, you know, what's glaringly missing here is to simply call them alibi witnesses. I mean, that's pulling a rabbit out of a hat. These aren't alibi witnesses. There's nothing in the declaration that suggests they are. They just said he was living with me during the period of time of these burglaries. He's found there two days later when he was supposedly living with those folks. No, not – they do not say he was living with them then. Well, two days later. Two days after they said he was living with them. Right. But he's in the same – Two days after he stopped living with them, he was in that area. According to an affidavit they provided four years after – six years after the crime. But let's keep the facts accurate. All right. Because it did not say that he was with them during that period. Okay. But he's in the same car that he was with when he committed the first burglary. The point is, there's nothing in those affidavits that establishes an alibi. That is, that he was somewhere else when those burglaries were committed. Because, first of all, we know – I say that in so many – I'm not going to get tangled in logistic – in semantics. But they do say, the declarations, which are pretty devoid of detail – Yes, they are. They do make a conclusory statement, there's no possible way he could have been there then. I don't think it says that. It says, there is no possible way he could have been anywhere near Lake Arrowhead or the vicinity at any time during that time span. I just read from Helene Roberts that exactly the same language appears in Timothy Roberts in ER 23 and 24. So it's – well, I wouldn't believe me either. It's conclusory, no question. Yes. But, you know, debating whether it's alibi or not probably kind of begs the question. Whatever it says, it says. Right. Your argument is that, basically, it cannot be. That conclusory statement is not sufficient under these circumstances. It's not sufficient. And besides that, you know, this is just one brick in an IAC argument. There's no indication at all, there's no proof at all, at any level, from his Marsden motion in the trial court through to his habeas petition in the state trial court, through his habeas petition even in the California Supreme Court, that any of this information, particularly this conclusory statement that he couldn't have possibly committed these crimes because he was with us during this entire period of time, 24 hours for two weeks or whatever period this time was, none of that was before the state courts, none of that was shown to be in counsel's file. That's the lacuna in the evidentiary showing here. That's why he's not entitled to relief. That's why in the fundamental question, obviously, under the AEDPA, is whether the state court's resolution of his IAC claim was an unreasonable application of Strickland. And based on the showing that he made in the state courts, it wasn't an unreasonable application of clearly established United States Supreme Court President. He didn't make an adequate showing. He hasn't made an adequate showing here. This is insufficient. Even if we were starting afresh as a habeas matter to show that these were alibi witnesses, counsel knew or should have known they were alibi witnesses and didn't investigate that aspect of potential defense. What the district court was saying in its analysis... They said they notified counsel, they wrote him, they called him, and they sent him a letter saying that they could prove it. There's no proof of that other than this affidavit. That's what the proof is. That's evidence at least. And the issue becomes, at what point is there sufficient evidence to justify having an evidentiary hearing at which other evidence can be gathered and submitted? Your argument, obviously, is that this is not... There's no claim made here or otherwise in this appeal that he was improperly denied an evidentiary hearing. I mean, this affidavit, which was offered for the first time six years after the crime in the California Supreme Court, never offered at a superior court level where an evidentiary hearing could have occurred, is insufficient to qualify for an evidentiary hearing in the first instance, but we're well beyond that. And that's the point. There was an absence of a showing that state court can't be faulted for that. And then the question becomes, was that an unreasonable application? And it wasn't. In California law, you can file your petitions anywhere in any of the California courts. You don't even have to file them in order from the lower court to the higher court. Now, he filed that in the California Supreme Court as he's allowed to do. The California Supreme Court could have said anything it wanted. Correct. Instead, it just denied it. Now, that exhausts your remedies. Yes, it does. But in whatever level he does file under California law, he's required to provide that court, whether it's the California Supreme Court or the County Superior Court, with all available evidence to support his claim. This is hardly all available evidence to support his claim. He could have provided counsel's file to prove that counsel indeed had in his file the letters that he supposedly provided. How did he get counsel's file? He has a right to it. Well, he has a right to it, but he's incarcerated. All he has to do is ask counsel to send it to him, and if he doesn't get it sent to him, he can complain to the habeas court, regardless of what court that is, that he didn't have the file. And under California law, he's supposed to file such a thing. He has access to counsel himself to require that counsel provide an affidavit to support or to negate whatever claim he's making. This showing is just simply insufficient to show that these people were, in fact, alibi witnesses, that it was known to defense counsel and ignored by defense counsel, which is, that's his claim. And there's no support for that claim in the state courts. There's hardly support for that claim in the federal district court, which is why that court rejected it. Okay, thank you. If the Court has further questions, I'll submit. Thank you, Your Honors. I'm sorry our weather wasn't better for you. Okay. Yeah, about me. Consider where I'm coming from and what I'm dealing with. Just a couple of points for the Court. First of all, it's true that Mr. Saita's state petitions were bare bones, but he did make the allegation that there were witnesses that were not called. And I think that's very important. He's a lay person. Well, you know, just that bare bones allegation by itself plainly wouldn't be enough, would it? I mean, if you just submit a petition that says there are witnesses, that were not called, I don't think you're going to find a court in any place that's going to find requirements of Strickland met. You have to have sufficient detail so you can have a conclusion that the prejudice prong was satisfied. That's possibly true, but it's also possible that the Court would have ordered further briefing and he would have amassed more evidence to support it. The other thing that's important... Well, the question really that I have, and I can't find it at the moment, but my understanding was that if you ask the California Supreme Court for relief, that you don't have to specifically ask for an evidentiary hearing if they just deny it. That it's only at the later stage that... But I can't find that case at the moment. Do you have any... I don't have the authority, but I think Your Honor's correct. In fact, I have several cases where I need to exhaust federal issues and I file directly in the California Supreme Court, wait for them to deny it, and then go into federal district court on habeas. So just in a practical matter, that's how those of us who do state habeas and federal habeas practice exhaust those issues. I think Your Honor's correct. I don't have the authority for it in front of me. The other thing I wanted to mention is that we have really strong circumstantial evidence in this case that Mr. Wade, trial counsel, just didn't want to be bothered with trying this case. Well, I think it's true that he probably didn't want to be bothered because the evidence was so strong. Well, that's the other side of the argument. That may be beside the point of this obligation. Well, but he didn't want to call these witnesses, and maybe he would have evaluated them and said these aren't good witnesses, and maybe the jury would not have believed them. But the point is they were out there and the jury didn't get a chance to assess them. Counsel, what does a lawyer do when his client's car is identified twice? And it's a peculiarly painted car with orange over white, I think, as was the school colors or something of that nature. And they spotted him leaving the premises after the house was broken in on. And then they found the car again, same color, involved another one. They also found a palm print. They also found a fingerprint that belonged to him. Now, he claimed that he was working at that property and had that man been able to testify that might have helped him. That man was dead, so there was no reason, he had no one to call even if he wanted to do that. Now, what do you do if you're a counsel in that type of situation? Leigh Ann. It's a rhetorical question. You don't have to answer it. I shouldn't say that, but I have nothing further unless the Court has more questions. Thank you very much. The case just argued will be submitted. Well, I wouldn't leave me either. So. The next case on the calendar for argument is United States versus Rivera Guerrero. Thank you.
judges: Reinhardt, Clifton, Weiner